## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF ALABAMA

**CRUM & FORSTER SPECIALTY**
**INSURANCE COMPANY**

      **Plaintiff,**

                                     **Civil Action No:**

**v.**

**Community Church Ministries, Inc.,**
**Shadonna Law, and Kiara Skipwith,**
**individually and as the Custodial**
**parent and next friend of "C.S., a minor**

      **Defendants.**

### COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, Plaintiff, Crum & Forster Specialty Insurance Company (hereinafter "CFSIC" or "Plaintiff"), who files this, its Complaint for Declaratory Judgment, pursuant to Rule 57, of the *Federal Rules of Civil Procedure*, as follows:

### PARTIES

1. Plaintiff, Crum & Forster Specialty Insurance Company (hereinafter referred to as "CFSIC" or "Plaintiff"), is a foreign surplus lines insurance company, a Delaware corporation with a statutory home office in Delaware and a main administrative office in New Jersey.

2. Defendant, Community Church Ministries, Inc. (hereinafter "the Church") is domestic non-profit corporation organized under the laws of the State of Alabama with its principal place of business in Mobile County, Alabama. The Church may be served with process through its registered agent, Rev. Carl Coker at 1251 Navco Road, Mobile, Alabama 36605 or wherever he may be found.

3.  Defendant, Shadonna Law, is an adult resident citizen of the Mobile County, Alabama who, upon information and belief, may be served with process at 1801 Holt Road, Apt. 602, Mobile, Alabama 36617 or wherever she may be found.

4.  Defendant, Kiara Skipwith, is an adult resident citizen of Mobile County, Alabama who may be served with process at her residence in Mobile, Alabama or wherever else she may be found.  Skipwith is the custodial parent and next friend of "C.S.", a minor child.

## JURISDICTION AND VENUE

5.  This action is brought pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining a real, substantial, and justiciable controversy between the parties concerning the rights and responsibilities of the parties with respect to a contract of insurance.

6.  This Court has jurisdiction over this Complaint for Declaratory Judgment pursuant to the provisions of 28 U.S.C. §1332(a) as a civil action where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, between citizens of a state and citizens of a foreign state.

7.  Venue is proper in this district and division under the provisions of 28 U.S.C. §1391(a) inasmuch as a substantial amount of the events giving rise to the claim occurred or a substantial part of the property that is the subject of this action is situated in this district and this district and division is one in which the Defendants are subject to personal jurisdiction.

## NATURE OF THE ACTION

8.  This action, seeking Declaratory Judgment, and brought pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201, involves the respective rights and duties between the Parties with regard to a policy of insurance issued by CFSIC to Community Church Ministries,

2

Inc., as Named Insured.  On or about Sunday, August 20, 2023 11:44:15 PM Eastern Daylight Time, the Church  submitted a claim to CFSIC seeking insurance coverage under CFSIC's Commercial General Liability Policy for a lawsuit filed against it and Shadonna Law ( the Church's employee at the time) by Kiara Skipwith in the Circuit Court of Mobile County, Alabama styled *Kiara Skipwith, individually and as the custodial parent and next friend of "C.S.", a minor v. Community Church Ministries, Inc; Community Church Ministries, Inc. & Preschool Academy; Community Nursery & Preschool Academy and Shadonna Law,* civil action no. 02-cv-2024-902531.00.  That Complaint raised allegations against the Church and Shadonna Law arising out of an incident that occurred on June 23, 2023 wherein Kiara Skipwith claimed "C.S.", a student enrolled at the insured's preschool/daycare sustained bodily injury while under the care, custody and control of the Church and Shadonna Law. CFSIC now seeks a declaration that the allegations and claims made the subject of that Complaint are wholly excluded from coverage under CFSIC's policy such that CFSIC has no obligation to further provide a defense or indemnity to either its named insured or Shadonna Law under its Commercial General Liability Policy.

## THE POLICY

9.  CFSIC issued Commercial General Liability Policy No. BAK-62264-4, to the named insured, Community Church Ministries[1], with effective dates of April 10, 2023 through April 10, 2024, hereinafter referred to as "the Policy."  The Commercial General Liability Coverage Part Declarations within the policy identifies the insured as a Limited Liability Company. A true and complete copy of the Policy is attached hereto and incorporated herein as if fully reproduced as, **"Exhibit 1"**.

10. The policy contains the following relevant provisions:

---

[1] It should be noted that on the Policy's declarations page, Community Church Ministries, Inc. is misidentified as "Community Church Ministries Pre School, LLC", which does not exist in any form as a legal entity.

3

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I—COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**   The amount we will pay for damages is limited as described in Section **III**—Limits Of Insurance; and

   **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or      settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

   **b.**   This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)**   The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)**   Prior to the policy period, no insured listed under Paragraph **1.** of Section **II**—Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.   If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

4

\*        \*        \*

**2.        Exclusions**

This insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*        \*        \*

**SECTION II—WHO IS AN INSURED**

**1.**        If you are designated in the Declarations as:

\*        \*        \*

**c.**        A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\*        \*        \*

**2.**        Each of the following is also an insured:

**a.**        Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1)        "Bodily injury" or "personal and advertising injury":

(a)        To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

5

(b)    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

(c)    For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(d)    Arising out of his or her providing or failing to provide professional health care services.

\*        \*        \*

11. The Policy also contains the following relevant endorsements:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to **Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.    The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2.    The negligent:
   a.    Employment;
   b.    Investigation;
   c.    Supervision;
   d.    Reporting to the proper authorities, or failure to so report; or
   e.    Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

\*        \*        \*

### EXCLUSION – CORPORAL PUNISHMENT

This endorsement modifies insurance provided under the following:

6

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" to your student arising out of any corporal punishment administered by or at the direction of any insured.

\*      \*      \*

## DAYCARE SERVICES LIMITATION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, a.** is amended and the following added:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by or resulting from the rendering of or failure to render services in connection with the operation of the insured's business as a daycare service provider.

\*      \*      \*

C. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following added:

**Daycare Services – Certain Activities, Auto, Aircraft, Watercraft or Corporal Punishment**

This insurance does not apply to:

\*      \*      \*

(2)      "bodily injury" to any person arising out of or resulting from corporal punishment administered by or at the direction of the insured.

D. **SECTION II – WHO IS AN INSURED Paragraph 2.** is amended and the following added:

However, your "employees" are insured with respect to their providing or failing to provide services as a day care worker in connection with your business.

\* \* \*

## UNDERLYING CLAIMS

12. Kiara Skipwith, individually and as the custodial parent and next friend of "C.S.", a minor filed a lawsuit against the Church and Shadonna Law in the Circuit Court of Mobile County, Alabama (02-cv-2024-902531.00) on September 30, 2024, arising out of an incident that occurred on June 23, 2023, at the insured's premises located at 4105 Moffett Road, Mobile, Alabama 36618, and within the relevant insurance contract period. A true and correct copy of the Complaint is attached hereto and incorporated herein as if fully reproduced as, **"Exhibit 2"**.

13. Skipwith alleged the following causes of action in the referenced Complaint: Count One - Negligence; Count Two – Wantonness; and Count Three – Breach of Contract.

14. The foregoing alleged causes of action against the Church and Shadonna Law arose out of the same operative facts. According to the Complaint, Skipwith's minor child, "C.S." was enrolled as a student at the Church's Moffett Road address and, on June 23, 2023, was under the care and custody of the Church and their employee, Shadonna Law when he was "caused to suffer serious physical injuries" including a right tibial acute comminuted mid shaft fracture. The Complaint does not specify the actual acts that produced the injury, but instead enumerates the following allegations against the Church and Shadonna Law:

    a.    negligently failing to provide adequate and safe care to "C.S.";

    b.    negligently failing to properly and/or adequately screen and/or conduct a background check on Defendants' agent, servant, or employee, Law;

    c.    a pattern and practice of negligently failing to properly and/or adequately screen and/or conduct a background check on all of Defendants" childcare employees;

    d.    negligently hiring Law;

    e.    negligently entrusting the care and supervision of minor plaintiff "CS." to Law;

f.  negligently failing to properly and/or adequately train and/or supervise Defendants' agents, servants and/or employees, Law;

g.  negligently failing to implement and/or follow policies and procedures relating to caring for and protecting children such as Plaintiff "C.S." who were entrusted to their care;

h.  a pattern and practice of negligently failing to provide an adequate number of proper adult attendants;

i.  negligently failing to comply with state regulations regarding safety of children;

j.  a pattern and practice of negligently failing to implement and/or follow policies and procedures to ensure the safety, protection, and location of children such as Plaintiff "C.S." who were entrusted to their care;

k.  a pattern and practice of negligently failing to monitor the children entrusted to Defendants' care;

l.  negligently causing or allowing "C.S.'S" injuries;

m.  a pattern and practice of negligently failing to maintain proper and sufficient procedures for the safety and care of children left in their care; and,

n.  negligently failing to implement and/or follow policies, procedures and precautions to prevent the injury of the minor plaintiff *C.S.".

15. "When facts are alleged in the complaint to support a cause of action, it is the facts, and not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action." *Hartford Cas. Inc. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1012 (Ala. 2005).

16. Due to the fact that the Complaint did not provide any specifics on the event allegedly producing the injury to C.C., CFSIC issued Reservation of Rights letters to both the Church and its employee, Shadonna Law on December 20, 2024, advising both that CFSIC would provide a defense to them both subject to a full Reservation of Rights. A copy of the Reservation of Rights letters are collectively attached hereto and incorporated herein as if fully reproduced as, **"Exhibit 3"**.

17. In those Reservation of Rights letters, CFSIC advised the Church and Shadonna Law that while it is unclear from the Complaint what acts/inactions are alleged to have produced the bodily injury to C.S., to the extent that the alleged bodily injury resulted from (1) intentional acts, (2) constituted corporal punishment or (3) abuse, there would be no coverage afforded under the Policy.

18. Stated differently, the alleged facts set forth in the underlying suit filed by Skipwith failed to allege sufficient facts to allow CFSIC to sufficiently determine whether one or more of the claims or damages fell within one or more of the policy's exclusions.  Accordingly, CFSIC assigned defense counsel to both the Church and Shadonna Law, while reserving its right to later withdraw that defense if facts developed during the course of the underlying litigation not apparent from the face of the Complaint confirmed the applicability of one or more exclusions contained in the Policy.

19. During the course of the underlying litigation, CFSIC was provided additional information that was not apparent from the allegations of the Complaint but which trigger the application of one or more exclusions within the CFSIC policy.  Specifically, CFSIC was informed by the Church that the June 23, 2023 incident resulted in Shadonna Law being criminally charged with one count of Child Abuse/Torture. Further, CFSIC was provided a copy of surveillance footage of the subject loss which suggested that Plaintiff's claimed injuries were the result of Law intentionally grabbing and/or twisting C.S.'s leg on June 23, 2023.

20. Given the nature of the underlying criminal proceeding against Law, the suit was stayed as to Law pending the conclusion of her criminal trial for child abuse/torture of C.S.

21. While discovery continued in the Skipwith lawsuit, CFSIC received additional documentation confirming that on December 15, 2025 Shadonna Law entered a blind guilty plea

to the charge of child abuse/torture of C.S.  In that Order, the Court accepted Law's guilty plea set her sentencing for that offense for March 19, 2026.  A true and correct copy of that Order accepting her plea is attached hereto and incorporated by reference as **"Exhibit 4"**.

22. The recent guilty plea by law to the criminal offense of child abuse/torture of C.S. constitutes newly developed information that confirms one or more of the exclusions in the CFSIC policy exclude coverage for the June 23, 2023 loss. Specifically, by entering a guilty plea to the criminal charge against her, Shadonna Law has effectively admitted that the claims for bodily injury to C.S. are the result of acts constituting abuse of C.S. while C.S. was in the care, custody or control of the Church and Law, which triggers the application of the Abuse or Molestation Exclusion Endorsement to exclude coverage under the Policy for the claims arising out of that June 23, 2023 incident.  Furthermore, because the Abuse or Molestation Exclusion also excludes coverage for claims against the Church arising out of allegations of negligent employment, investigation, supervision, reporting to proper authorities or failing to so report, or retention of Shadonna Law for claims resulting from abuse of a student while under her care, any and all remaining claims against the Church are also excluded as a result of the Abuse or Molestation Exclusion.

23. Additionally and alternatively, the recent guilty plea by Law to the charge of child abuse/torture of C.S. trigger the application of the intentional acts exclusion as said actions of Law are irrefutably intentional acts which Law expected or intended to cause bodily injury to C.S.

24. Plaintiff, Crum & Forster Specialty Insurance Company, respectfully requests this Honorable Court enter a Declaratory Judgment, declaring the rights of the Parties as follows:

    a. Plaintiff, Crum & Forster Specialty Insurance Company has no duty to defend or indemnify Community Church Ministries, Inc. or Shadonna Law for the claims asserted by Kiara Skipwith for bodily injury to C.S. resulting from the intentional and/or abusive

11

acts of Shadonna Law on June 23, 2023 due to the application of one or more exclusions contained within the CFSIC policy; and

b.  For any and all other relief this Court deems just and proper.

Respectfully submitted, this the 30th day of March, 2026.

BY:    ATTORNEYS FOR PLAINTIFF

MATTHEW M. WILLIAMS (WIL457)
**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, A PLC**
11 North Water Street, Suite 18250
Mobile, Alabama 36602
Telephone: (251) 438-7850
Facsimile: (251) 438-7875
Email: MWilliams@gallowaylawfirm.com

12